1

2

3

4

5

6

7

8                **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOSHUA DANIEL MILLS,                        No. 2:15-cv-1038-TLN-CMK-P

12              Petitioner,

13         vs.                                     FINDINGS AND RECOMMENDATION

14    SUZANNE M. PEERY,

15              Respondent.

16    _____/

17         Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ

18    of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion

19    to dismiss (Doc. 11).  Petitioner filed an opposition to the motion (Doc. 13); Respondent filed a

20    reply brief (Doc. 14).  A hearing on the motion to dismiss was held on November 18, 2015,

21    before the undersigned in Redding, California.  Deputy Attorney General Henry Valle appeared

22    telephonically on behalf of respondent; attorney Julia Young appeared telephonically on behalf of

23    petitioner.

24         **I.      Background**

25         According to the facts alleged in the petition, petitioner was convicted in 2011 of

26    gassing by a prisoner (spitting), resisting an executive officer, and obstructing.  On December 16,

1

1  2011, he was sentenced to 27 to life, as his third strike and based on two priors (including the

2  2002 plea discussed below).  Petitioner's conviction was affirmed on direct appeal in 2013, and

3  the California Supreme Court denied review on February 11, 2014.  The current petition was

4  filed on May 11, 2015.

5          In addition to the current petition, petitioner filed a previous habeas petition on

6  February 19, 2014, challenging the 2002 plea conviction[1].  As related to the prior petition,

7  petitioner entered a no contest plea to the charges of criminal threats and brandishing a weapon.

8  Petitioner did not file a direct appeal to that conviction, but filed a state habeas petition in 2010,

9  which was originally granted by the Placer County Superior Court.  However, the habeas grant

10 was reversed on appeal, and the California Court of Appeals directed the trial court to deny the

11 petition.  He then filed a petition in the California Supreme Court in 2012, which was denied in

12 2013.  Following the California Supreme Court denial, petitioner filed a federal habeas petition

13 in this court in 2014, case number 2:14-cv-0513-WBS-DAD, challenging the 2002 plea.  The

14 court construed the petition liberally as a challenge to the 2011 judgement and sentence as

15 enhanced by the 2002 conviction in order to find petitioner met the in custody requirement.

16 However, the petition was denied on the grounds that this court lacked jurisdiction, given that

17 petitioner's allegations failed to establish the extraordinary circumstances required for the court

18 to review a conviction upon which the sentence has expired pursuant to Dubrin v. California, 720

19 F.3d 1095 (9th Cir. 2013).

20          The current petition, filed May 11, 2015 (three months after the denial of the prior

21 petition in this court) raises four grounds for relief: 1) denial of fair trial due to disclosure that

22 petitioner was housed at Pelican Bay; 2) abuse of discretion in refusing to strike a prior; 3) prior

23

24    [1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters
   of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this
25 court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of
   America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378
26 F.2d 906, 909 (9th Cir. 1967).

1 │ strike was unconstitutional; and 4) Sixth and Fourteenth Amendment violations amounted to

2 │ denial fair trial.

3 │ **II.      Motion to Dismiss**

4 │ Respondent brings this motion to dismiss on the grounds that this is a

5 │ second/successive petition filed without prior authorization.  Specifically, respondent argues that

6 │ petitioner's prior petition filed in 2014 was a challenge to the same conviction and raised the

7 │ same claim as raised in the current petition.  Petitioner counters that the current petition is

8 │ challenging the 2011 conviction after exhaustion and direct appeal.

9 │ **III.      Discussion**

10 │ Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

11 │ dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

12 │ petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

13 │ Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

14 │ lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

15 │ in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

16 │ Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

17 │ remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

18 │ grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

19 │ 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

20 │ after the court orders a response, and the Court should use Rule 4 standards to review the motion.

21 │ See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

22 │ exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

23 │ Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive

24 │ habeas corpus application . . . that was presented in a prior application shall be dismissed."

25 │ Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . .

26 │ that was not presented in a prior application shall be dismissed. . . ." unless one of two

3

1    circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law,

2    or the factual predicate of the new claim could not have been discovered earlier through the

3    exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id.

4    Before a second or successive petition can be filed in the district court, however, the petitioner

5    must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of

6    proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a

7    second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th

8    Cir. 2001) (per curiam).

9            A second petition can only be successive of a prior petition which has been

10   decided on the merits.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  A decision on the

11   merits occurs if the district court either considers and rejects the claims or determines that the

12   claims will not be considered by a federal court.  See Howard v. Lewis, 905 F.2d 1318, 1322-23

13   (9th Cir. 1990).  Where a prior petition has been dismissed without prejudice for failure to

14   exhaust state court remedies, the dismissal does not result in an adjudication on the merits

15   because the possibility of returning to court following exhaustion exists and a habeas petition

16   filed in the district court after the initial petition was dismissed is not second or successive.  See

17   Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  The dismissal of a petition as untimely,

18   however, does constitute a decision on the merits because such a dismissal is a determination that

19   the claims will not be considered.  See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir.

20   2009).  Likewise, the denial of a petition on procedural default grounds is also a determination

21   on the merits.  See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard,

22   905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a

23   determination that the claims will not be considered by the federal court).

24           Here, petitioner's first federal habeas petition challenging the constitutionality of

25   his 2002 plea conviction was filed in the state courts in 2010, prior to trial on his latest

26   conviction.  That petition was denied by the state courts in 2012, and filed in this court in 2014.

1   The only claim in that petition was the constitutionality of his 2002 plea conviction.  While this

2   court construed the petition to be a challenge to the 2011 conviction to the extent that the 2002

3   plea conviction increased the sentence as to the later conviction, there is nothing in the prior

4   petition that directly challenges the 2011 conviction.  In addition, looking at the procedural

5   history of the petitions, the challenge to the 2002 plea conviction was initiated in the state courts

6   prior to the trial on the later conviction.  In fact, the prior petition was filed just days after the

7   California Supreme Court denied review of the later conviction on direct review.  No state

8   habeas petition had even been filed on the 2011 conviction prior to the filing of the prior federal

9   habeas petition.

10          Respondent argues that the current petition should be considered a second or

11   successive petition, and dismissed as filed without Ninth Circuit prior approval.  This argument

12   rests on the prior petition being construed as a challenge to the 2011 conviction.  Respondent

13   therefore contends that the claims in the current petition either were or should have been included

14   in the prior petition.  However, this argument fails to consider that many of the claims raised in

15   the current petition were not exhausted prior to the filing of the prior petition.  Therefore, even

16   though the court construed the prior petition as a challenge to the 2011 conviction or sentence, as

17   the other claims raised herein were not exhausted, petitioner could not have included them in the

18   prior petition.  Accordingly, with the exception of the third claim challenging the

19   constitutionality of the 2002 plea conviction, the current petition challenging the 2011 convection

20   is not a second or successive petition.

21          However, to the extent petitioner includes the challenge to the 2002 plea

22   conviction in his current petition, that claim was previously decided by this court in case number

23   2:14-cv-0513-WBS-DAD.  The claim presented in the prior petition challenged the 2002 plea on

24   the grounds that there was no factual basis for the plea stated on the record; petitioner's

25   statements in the probation report are not admissions to the charges to which he plead; the plea

26   was not a West or Alford plea; and petitioner was not advised of the direct consequences of his

1  plea.  Claim three in the current petition is a challenge to the constitutionality of the 2002 plea

2  conviction on the basis that the plea agreement was violated; and the plea agreement was not

3  entered into freely, voluntarily, or intelligently.  The voluntariness of the plea agreement is

4  challenged on the basis that the Boykin/Tahl requirements were not met; there was no factual

5  basis for the plea on the record; the statements in the probation report are not admissions to the

6  charges to which he plead; the plea was not a West or Alford plea; and petitioner was not advised

7  of the direct consequences of his plea. The claims in the two petitions are virtually the same.  To

8  the extent there are additional challenges raised in the second petition, the challenges as related

9  to the constitutionality of the 2002 plea conviction could have been raised in the 2014 prior

10  petition.  As the claim was denied in the prior petition in a decision considered on the merits,

11  under 28 U.S.C. § 2244(b)(1), it is considered "[a] claim presented in a second or successive

12  habeas corpus application . . . [and] shall be dismissed."

13              **IV.    Conclusion**

14              Claim three in the current petition is a claim presented in a second or successive

15  petition and should be dismissed.  However, the other claims in the current petition were not

16  previously presented to the court, nor could they have been properly included in the prior

17  petition.  Despite respondents contention, the two petitions challenge separate, albeit somewhat

18  related, convictions.  Thus, the current petition as a whole is not a second or successive petition.

19  Petitioner should be allowed the opportunity to challenge the 2011 conviction as those claims

20  have not been addressed.  Therefore, the motion to dismiss should be granted in part, but only as

21  to claim three of the petition.

22              Based on the foregoing, the undersigned recommends that:

23              1.      Respondents' motion to dismiss (Doc. 11) be granted in part and denied in

24  part;

25              2.      Claim three, challenging the 2002 plea conviction, presented for the

26  second time, be dismissed;

1       3.     This action continue as to claims one, two and four of the petition; and

2       4.     Respondent be directed to file a response to the remaining claims in the

3 petition within 30 days

4       These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

6 after being served with these findings and recommendations, any party may file written

7 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8 Findings and Recommendations."  Failure to file objections within the specified time may waive

9 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: November 30, 2015

13 **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

7